BRIGHT, Circuit Judge,
concurring separately.
I concur in the result. I disagree, however, with the criticism of the district court’s jury instructions. In my view, the trial court properly instructed the jury. When reviewing jury instructions, this court must view the instructions as a whole, and if the instructions as a whole are fair and not unduly suggestive, we should refrain from being overly critical. See Gillming v. Simmons Indus., 91 F.3d 1168, 1171 (8th Cir.1996).
In this case, the district court’s jury instructions included the following:
Instruction No. 13:
It is unlawful for an employer to intentionally refuse to transfer or promote any person or otherwise discriminate against any person with respect to compensation, tenure, conditions, or privileges of employment because of such person’s sex. The Plaintiff in this ease, Sally Parks, claims that Defendant Nucor-Yamato Steel Co. intentionally discriminated against her because of her sex by failing to transfer or promote her to certain positions within its workplace. The Defendant denies this charge. Specifically it claims that it did not promote or transfer plaintiff because she was not the most qualified candidate for the promotions or transfers she sought. It is your responsibility to decide whether the Plaintiff has proven her claim against the Defendant by a preponderance of the evidence.
It is also unlawful for an employer to allow its employees to be subjected to a sexually hostile workplace. Plaintiff Sally Parks and Plaintiff Rebecca Caviness both claim that Defendant Nucor-Yamato Steel Co. subjected them to such a sexually hostile workplace. The Defendant denies these charges. It is your responsibility to decide whether Plaintiff Parks and Plaintiff Caviness have proven their claims against the Defendant by a preponderance of the evidence.
Jt.App. at 200.
Instruction No. 17:
In determining whether a reasonable person in the plaintiffs’ circumstances would find the plaintiffs’ work environment to be hostile or abusive, you must look at all the circumstances. The circumstances may include the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or merely offensive; whether it unreasonably interfered with the plaintiffs’ work performance; and the effect on plaintiffs’ psychological well-being. No single factor *1225 is required in order to find a work environment hostile or abusive.
Jt.App. at 212.
Instruction No. 16:
Your verdict must be for the Plaintiff Sally Parks on her sexual harassment claim and your verdict must be for the Plaintiff Rebecca Caviness on her sexual harassment claim, if all of the following elements have been proved by a preponderance of the evidence:
First, that Plaintiff was subject to a sexually hostile work environment including a lack of bathroom facilities, sexual jokes and innuendo, demeaning pictures and posters, vulgar language on the radio, etc.
Second, that such conduct was sufficiently severe or pervasive that a reasonable person in plaintiffs circumstances would find the work environment to be hostile or abusive as to alter Plaintiffs conditions of employment;
Third, based on such conduct, Plaintiff perceived her work environment to be hostile or abusive; and,
Fourth, that the Defendant, Nucor-Yamato Steel Company, knew or should have known of the conduct to which plaintiff was subjected and that Defendant failed to take appropriate action to end the conduct to which plaintiff was subjected.
If any of the above elements have not been proved by a preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.
You must apply these elements to the facts surrounding each Plaintiffs claims. Your verdict as to one Plaintiff should not affect your verdict as to the other.
Jt.App. at 213.
Mentioning the specific allegations of sexual harassment in the verdict director was not improper. Cf., Gillming, 91 F.3d at 1171 (quoting and upholding jury instructions including specific allegations of sexual harassment). The allegations may be mentioned either in the introduction to the jury instructions or in the verdict director. I believe the district court’s inclusion of the Plaintiffs’ allegations of sexual harassment could have been included in Instruction No. 13 or in Instruction No. 16. In either case, the instructions would be appropriate. The instructions as a whole make abundantly clear to the jury that the Plaintiffs must carry the burden of proof by a preponderance of the evidence on all relevant issues relating to establishing sexual harassment. Moreover, the Defendant did not propose any proper alternative instructions.[3]
*1226 I believe the district court correctly and properly instructed the jury.

. An example of improper and misleading instructions is the defendant's proffered Instruction No. 7:
The Act under which Plaintiff brings this lawsuit, Title VII of the Civil Rights Act of 1964, as amended, forbids discrimination against an employee because of the employee's sex. The Act does not, for purposes of this lawsuit, forbid any other type of discrimination, nor does it forbid any other action or inaction by Nucor-Yamato relative to Plaintiff.
The Act does not state that being female entitles employees to special favorable consideration; nor is it equivalent to an affirmative action program to promote or hire a certain number of female employees. The Act requires that a female employee not be the subject of discrimination because of her sex. The Act does not seek to affect employer decisions based on the employer’s individual assessments of a person’s abilities, capabilities, or potential, or the employer’s needs.
The basic principle is that an employer is entitled to refuse or fail to promote or advance an employee for good cause, poor cause, or no cause at all, so long as the reason is not the employee’s sex. You must bear in mind that an employer is entitled to make its own subjective business’ judgments, however misguided and shortsighted they may appear to you, and may refuse to promote an employee for any reason that is not discriminatorily based on sex. An employer may refuse to promote an employee who is performing poorly, or may even refuse to promote an adequate employee because the employer believes that another person could do the job better. It is the employer who must be satisfied with the employee's performance, and unsatisfactory performance means unsatisfactory as evaluated by the employer. Your concern is not whether the promotion decision reflected an objective fact finder’s judgment of an employee’s abilities or whether it was a wise business judgment or whether you would have done the same thing had you been in the employer's shoes. You are asked only to decide whether the employer’s refusal to promote Plaintiff was because of her sex! Thus, if you should find that sex was not a determining factor in the refusal to promote Plaintiff, then you must *1226 render a verdict for Defendant on these issues even though you might feel the failure to promote was unreasonable, arbitrary, or unfair. Jt.App. at 224-25. The foregoing does not instruct the jury on the law, but rather amounts to an argumentative essay. The district court properly rejected this instruction.